IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| INDIRA DAYANNA LOPEZ-RUIZ, aka INDIRA DAYANNA CAUDLE LOPEZ,<br><br>Plaintiff,<br><br>vs.<br><br>TRIPLER ARMY MEDICAL CENTER'S POSTDOCTORAL FELLOWSHIP IN CLINICAL PSYCHOLOGY; ARGOSY UNIVERSITY; WALDEN UNIVERSITY; MIAMI DADE COLLEGE; AND THE UNITED STATES OF AMERICA,<br><br>Defendants. | CV. NO. 11-0066 JMS/BMK<br><br>ORDER (1) DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES; AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND |

**ORDER (1) DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES; AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND**

On January 27, 2011, Plaintiff Indira Dayanna Lopez-Ruiz, aka Indira Dayanna Caudle Lopez ("Plaintiff") filed (1) a Complaint against various Defendants stemming from what appears to be several separate, unrelated incidents; and (2) an Application to Proceed Without Prepayment of Fees and

Affidavit (the "Application").[1] Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing, and based on the following, the court DENIES Plaintiff's Application and DISMISSES the Complaint with leave to amend.

## ANALYSIS

### A. Plaintiff's Application

Federal courts can authorize the commencement of any suit without prepayment of fees or security, by a person who submits an affidavit that includes a statement of all assets the person possesses, demonstrating she is unable to pay such costs or give such security. *See* 28 U.S.C. § 1915(a)(1). "[A]n affidavit is sufficient which states that one cannot because of [ ] poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948) (internal quotations omitted); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (stating that the affidavit must "state the facts as to

[1] Plaintiff also filed a document entitled, "Forma de Pauperis Settlement Offer," which seeks "To Set Marshall Service, to Set Costs & Fees; To Set Jury; To Set U.S.A. with Plaintiff." This document is not clear whatsoever, but to the extent it is directed to pretrial matters, Plaintiff must first, as described below, present the court with a Complaint that states a claim upon which relief can be granted. Further, to the extent this document states claims against Defendants, Plaintiff must include such claims in her Complaint, and not separately. The court therefore STRIKES this document as improper.

affiant's poverty with some particularity, definiteness and certainty" (internal quotation omitted)).

When reviewing a motion filed pursuant to § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). While § 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins*, 335 U.S. at 339, the applicant must nonetheless show that she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).

Plaintiff's Application fails to demonstrate that she is unable to pay the costs of her suit. In the Application, Plaintiff declares under penalty of perjury that she: 1) is not presently incarcerated; 2) is presently employed with a gross pay of $2,000 per month and take-home pay of $1,800 per month; 3) has a checking account with a balance of $1,862; 4) has other property worth $4,800; 5) has monthly expenses in the amount of approximately $1,585; 5) has a debt of approximately $20,000; and 6) has a son, which Plaintiff pays $140 for support. It also appears that Plaintiff owns two vehicles, as she lists that she owes $3,000 on an Audi, and $3,500 on a Honda.

As an individual with income of $1,800 per month ($21,600 per year) and possibly one dependent, Plaintiff has failed to demonstrate poverty to support

her request for *in forma pauperis* status. Although the court does not apply the federal poverty guidelines as the sole basis to grant or deny *in forma pauperis* status, the court notes that the 2010 federal poverty guidelines issued by the United States Department of Health & Human Services for a single person is $12,460, and for a two-person family living in Hawaii is $16,760. *See* http://aspe.hhs.gov/poverty/10poverty.shtml (last visited Dec. 14, 2010). Plaintiff's income is well in excess of the federally-established poverty guideline, and Plaintiff has other assets as well. Further, although Plaintiff asserts that she has some debts, her monthly income still exceeds her monthly expenses.

Accordingly, Plaintiff's Application is DENIED. As explained below, Plaintiff's Complaint is being dismissed without prejudice to filing an amended complaint by February 24, 2011. If Plaintiff chooses to file an Amended Complaint, she must also submit the requisite filing fee of $350.00 to commence this action. If Plaintiff chooses not to file an amended complaint, she need not submit the $350.00 filing fee and the action will be closed.

**B. The Complaint Is Dismissed with Leave to Amend**

The court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening, and order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28

U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

The court may dismiss a Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if it fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949 (citing *Twombly*, 550 U.S. at 556).

A complaint must also meet the requirements of Federal Rule of Civil Procedure 8, which mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Factual allegations that only permit

the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by this Rule. *Iqbal*, 129 S. Ct. at 1950. Further, a complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)); *see also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . ., prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.").

Plaintiff is appearing pro se; consequently, the court liberally construes her pleadings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). Even liberally construed, however, the court cannot discern the basis of Plaintiff's claims against each Defendant such that the Complaint must be dismissed for failure to comply with Rules 8 and 12(b)(6). For example, Plaintiff asserts that she has experienced "obvious discrimination against by ethnicity, gender, sexuality, and religious or political beliefs," but it is unclear which Defendant allegedly discriminated against her, what discriminatory actions

the Defendant took against her, or when the discrimination occurred. The Complaint also appears to assert that (1) Miami Dade College and/or Walden University stole her research ideas, *id.* ¶¶ 33-38; (2) a "Bank of America" CPA incorrectly prepared her taxes such that Plaintiff owes money to the Department of Treasury, *id.* ¶¶ 39-40; (3) Tripler Army Medical Center violated Plaintiff's HIPAA and due process rights, *id.* ¶¶ 49; (4) Argosy University committed "unconscionable acts," *id.* ¶ 56; *see also id.* ¶¶ 51-55; (5) there exists a "conspiracy to steal [Plaintiff's] patent deals," *id.* ¶¶ 61; (6) Defendants are conspiring to keep Plaintiff in the United States against her wishes, *id.* ¶¶ 65;
(7) Plaintiff is entitled to restitution for psychological and medical experiments performed on her in Honduras through "a joint US task force team," *id.* ¶¶ 72-73; and (8) the United States Army abused its power of authority when Plaintiff was trying to leave her abusive husband. *Id.* ¶¶ 74.

These allegations are wholly vague and ambiguous -- the court cannot determine the basis of these allegations or what each Defendant allegedly did that forms the basis of these claims. Further, to the extent Plaintiff has provided other facts that could potentially support these allegations, they are completely hidden within Plaintiff's long discussions of her family history, educational achievements, and financial stability, *id.* ¶¶ 3-28, 42-47, and pretrial requests (1) to require Defendants to pay Plaintiff's attorneys' fees; (2) have the court open a "Federal

Investigation;" (3) for potential settlement offers; (4) to preserve various objections; and (5) for a conference on discovery. *Id.* at pp. 5-8. Due to this confusing, rambling set of allegations, the Complaint fails to provide sufficient specific facts for the court or defendants to have notice of what happened and when, or who did what to Plaintiff. As a result, the Complaint fails to provide any comprehensible basis for determining whether Plaintiff is entitled to relief, much less provide sufficient allegations to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949. And the Complaint certainly fails to provide a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), with allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The court therefore DISMISSES the Complaint.

This dismissal is with leave to amend. Plaintiff may file an amended complaint that (1) complies with Rule 8's requirement of "simple, concise, and direct" allegations, and (2) contains a basis for federal subject matter jurisdiction.

If Plaintiff chooses to file an amended complaint:

(1) She must clearly state how each named Defendant has injured her. In other words, Plaintiff should explain, in clear and concise allegations, what each Defendant did and how those specific facts create a plausible claim for relief. Plaintiff should not include facts that are not directly relevant to her claims and

should not include pretrial requests for discovery, attorneys' fees, settlement offers, etc.;

(2) She must clearly state the relief sought and should demonstrate the basis for a claim in federal court. In other words, Plaintiff must explain the basis of this court's jurisdiction; and

(3) She must pay the $350 filing fee.

Plaintiff is further notified that an amended complaint supersedes the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the court will treat the Complaint as nonexistent. *Ferdik*, 963, F.2d at 1262. Any cause of action that was raised in the original Complaint is waived if it is not raised in an amended complaint. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**CONCLUSION**

For the reasons stated above, the court DENIES Plaintiff's Application and DISMISSES the Complaint with leave to amend. If Plaintiff chooses to file an amended complaint, it must be accompanied by the required $350 filing fee. Plaintiff is allowed until February 24, 2011 to file an amended

///

///

complaint. Otherwise, this action will automatically be dismissed without prejudice and the matter will be closed.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 4, 2011.

/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Lopez-Ruiz v. Tripler Army Med. Center's Postdoctoral Fellowship in Clinical Psychology et al.*, Civ. No. 11-00066 JMS/BMK; Order (1) Denying Plaintiff's Application to Proceed Without Prepayment of Fees; and (2) Dismissing Complaint with Leave to Amend